**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STATE FARM FIRE AND** | : | **CIVIL ACTION** |
| **CASUALTY COMPANY** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TIM RUBY and JACQUELYN** | : | |
| **ANDRIETTA** | : | **NO. 16-2666** |

**MEMORANDUM OPINION**

Savage, J.                                                    February 2, 2017

State Farm Fire and Casualty Company seeks a declaration that it has no duty to defend or indemnify its insured, Tim Ruby, in a personal injury action brought against him in state court. State Farm contends that the business pursuits exclusion in Ruby's homeowner's policy excuses it from covering him. It moves for judgment on the pleadings or for summary judgment.

It is disputed whether Ruby was engaged in a business pursuit as State Farm alleges or was a volunteer as Ruby contends. Therefore, given this disputed material fact, we shall deny State Farm's motion.

**Background**

The plaintiff in the underlying action, Cornelius Jones, alleges that he was injured when he was ejected from a golf cart operated by Ruby.[1] The incident occurred at a wedding hosted by Michael and Jane Stolper, who hired Kim Rosen Events as the wedding coordinator and King Limousine to provide transportation services.[2] Jones, an employee of King Limousine, claims that as he attempted to sit in the golf cart, it

---

[1] Compl. (Doc. No. 1) Ex. B.

[2] Compl. ¶¶ 23, 25.

"suddenly and unexpectedly took off," causing him to be "thrown into the air" and injured.[3]

Jones filed a personal injury action in the Court of Common Pleas of Chester County, naming the Stolpers, Kim Rosen Events, and Ruby as defendants.[4]  Jones alleged that Ruby, while acting as an "agent, servant and/or workman for the Stolpers and/or Rosen, or . . . working on his own behalf," was careless and negligent in operating the golf cart.[5]

At the time of the incident, Ruby was covered by a homeowner's policy issued by State Farm to Ruby's wife, Jacquelyn Andrietta.[6]  Ruby is covered as Andrietta's spouse.[7]  Ruby requested that State Farm defend and indemnify him in the state court action.[8]

State Farm brought this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that it has no duty to defend or indemnify Ruby in the state court action.  Claiming Ruby was engaged in a business pursuit while operating the golf cart, State Farm contends that the business pursuits exclusion in the policy excuses it from covering the claim in the underlying lawsuit.  Ruby counters that he was not engaged in any business pursuit, but rather "was simply a volunteer at the event."[9]  He claims that his presence at the wedding was "a way to spend some time with his wife"

---

[3] Compl. Ex. B ¶ 10; *see also* Compl. ¶ 24; Answer (Doc. No. 12) ¶ 24.

[4] Compl. Ex B.

[5] Compl. ¶¶ 26, 27.

[6] *Id.* ¶¶ 8, 12.

[7] *Id.* ¶ 12.

[8] *Id.* ¶ 15.

[9] Answer ¶¶ 26, 34–36.

while she worked "at a big fancy wedding".[10]

## Standard of Review

In deciding a motion for judgment on the pleadings made pursuant to Rule 12(c), we consider only the facts alleged in the pleadings and documents attached as exhibits or incorporated by reference in the pleadings.  *See* Fed. R. Civ. P. 10(c) (instrument attached as an exhibit is part of a pleading for all purposes); *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007); *cf. Steinhardt Grp. Inc. v. Citicorp*, 126 F.3d 144, 145 & n.1 (3d Cir. 1997) (in Rule 12(b)(6) context).  The well-pleaded factual assertions in the nonmovant's pleadings are accepted as true and all contravening allegations in the movant's pleadings are assumed to be false.   5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1368 (3d ed., Apr. 2016) (citing *Allah v. Al-Hafeez*, 226 F.3d 247, 249–50 (3d Cir. 2000)).

The movant must establish that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.   *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290–91 (3d Cir. 1988); *Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97 n.4 (3d Cir. 1986).  If a material issue of fact arises from the pleadings, the motion cannot be granted.  *Inst. for Sci. Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc.*, 931 F.2d 1002, 1005 n.3 (3d Cir. 1991) (citing *Jablonski*, 863 F.2d at 290–91).  The motion can be granted only if the nonmovant cannot prevail under any set of facts. *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 220 (3d Cir. 2001); *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991) ("We can affirm the district court only if no relief could be granted under any set of facts that could be proved.").

---

[10] Defs. Mem. of Law in Opp'n to Pl.'s Mot. for J. on the Pleadings and/or Mot. for Summ. J. (Doc. No. 18-1) ("Resp.") at ECF 1.

## Interpretation of Insurance Contracts

The interpretation of an insurance contract is a question of law. *Am. Auto. Ins. Co. v. Murray*, 658 F.3d 311, 320 (3d Cir. 2011). Whether a claim is within a policy's coverage or barred by an exclusion may be determined on a motion for judgment on the pleadings or a motion for summary judgment. *Allstate Fire & Cas. Ins. Co. v. Hymes*, 29 A.3d 1169, 1171 (Pa. Super. 2011); *Bishops, Inc. v. Penn Nat'l Ins.*, 984 A.2d 982, 989 (Pa. Super. 2009).

A court must give effect to the plain language of the insurance contract read in its entirety. *Am. Auto. Ins. Co.*, 658 F.3d at 320. When the policy language is ambiguous, the provision is construed in favor of the insured. *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 673–74 (3d Cir. 2016); *Pa. Nat'l Mut. Cas. Ins. Co. v. St. John*, 106 A.3d 1, 14 (Pa. 2014). Contract language is ambiguous if it is capable of more than one construction and meaning. *Pa. Nat'l*, 106 A.3d at 14. However, policy language may not be stretched beyond its plain meaning to create an ambiguity. *Meyer v. CUNA Mut. Ins. Soc.*, 648 F.3d 154, 164 (3d Cir. 2011); *Trizechahn Gateway LLC v. Titus*, 976 A.2d 474, 483 (Pa. 2009).

Where the insurer relies on a policy exclusion as the basis for denying coverage, the insurer has the burden of proving that the exclusion applies. *State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 111 (3d Cir. 2009); *Wolfe v. Ross*, 115 A.3d 880, 884 (Pa. Super. 2015). Policy exclusions are strictly construed against the insurer. *Nationwide Mut. Ins. Co. v. Cosenza*, 258 F.3d 197, 206–07 (3d Cir. 2001); *Peters v. Nat'l Interstate Ins. Co.*, 108 A.3d 38, 43 (Pa. Super. 2014).

**Duty to Defend**

An insurance carrier's duty to defend is distinct from its duty to provide coverage. It is interpreted more broadly than the duty to indemnify. *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.,* 908 A.2d 888, 896 n.7 (Pa. 2006). An insurer may have a duty to defend even though it has no duty to indemnify. *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999). A duty to indemnify does not arise until the insured is found liable for a covered claim. *Id.*

Because the duty to defend is broader than the duty to indemnify, the complaint in the underlying action must be construed expansively. The factual allegations must be accepted as true, and all doubts as to coverage resolved in favor of the insured. *Roman Mosaic & Tile Co. v. Aetna Cas. & Sur. Co.*, 704 A.2d 665, 669 (Pa. Super. 1997). To prevent artful pleading designed to avoid policy exclusions, it is necessary to look at the factual allegations in the complaint, not how the underlying plaintiff frames the request for relief. *Kvaerner Metals,* 908 A.2d at 893*; Mut. Benefit Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999). In other words, the focus of the coverage inquiry is on the substance, not the form, of the allegations.

An insurer is obligated to defend the insured against any suit arising under the policy "even if the suit is groundless, false, or fraudulent." *Britamco Underwriters, Inc. v. Weiner*, 636 A.2d 649, 651 (Pa. Super. Ct. 1994) (quoting *Gedeon v. State Farm Mut. Auto. Ins. Co.*, 188 A.2d 320, 321 (Pa. 1963)). Consequently, whenever the complaint sets forth facts raising claims that could possibly come within the policy's coverage, the insurer's duty to defend is triggered. *Erie Ins. Exch. v. Muff*, 851 A.2d 919, 931 (Pa. Super. 2004); *Belser v. Rockwood Cas. Ins. Co.*, 791 A.2d 1216, 1219, 1222 (Pa.

Super. 2002).

Applying these principles to this case, we examine the language in the insurance policy and the allegations in the state court complaint.  What the underlying complaint alleges Ruby did and the language of the insurance policy are not in dispute.  What is disputed is Ruby's role—volunteer or worker—at the time he was operating the golf cart.

### Business Pursuits

The homeowner's policy excludes coverage for personal liability for bodily injury arising out of "business pursuits."  The provision reads:

1.  Coverage L [personal liability] and Coverage M [medical payments to others] do not apply to: . . .

    b.  bodily injury or property damage arising out of business pursuits of any insured . . . .  This exclusion does not apply:

       (1)   to activities which are ordinarily incident to non-business pursuits.[11]

The policy does not define business pursuits or non-business pursuits.  It defines "business" as "a trade, profession, or occupation.  This includes farming."[12]

Although the state court complaint avers that Ruby was an "agent, servant and/or workman for the Stolpers and/or Rosen, or . . . alternatively working on his own behalf," it does not provide any factual allegations to support this conclusory statement.[13] However, on its face, the complaint infers that Ruby was engaged in a business pursuit when he was operating the golf cart at the wedding.  If so, State Farm has no duty to defend or indemnify Ruby.  On the other hand, if Ruby was not working for himself or

---

[11] Compl., Ex. A at 16 (emphasis omitted).

[12] *Id.* at 1.

[13] Compl. Ex. B ¶ 7.

others and was a volunteer, State Farm has a duty to defend and indemnify Ruby. Thus, Ruby's status at the time of the incident is dispositive.

To fall within the business pursuits exclusion, the activity causing bodily injury must be both continuous and driven by a profit motive. *Sun Alliance Ins. Co. of P.R., Inc. v. Soto*, 836 F.2d 834, 836 (3d Cir. 1988); *see also Canal Ins. Co. v. Underwriters at Lloyd's London*, 435 F.3d 431, 439 (3d Cir. 2006). Continuous means the insured must engage in the activity regularly and customarily. The activity must be more than casual, irregular, occasional or brief. *Travelers Indem. Co. v. Fantozzi*, 825 F. Supp. 80, 85 (E.D. Pa. 1993). Profit motive means the activity is intended to generate income or compensation. A profit motive may be demonstrated by a means of earning a living or a commercial transaction or engagement. *Sun Alliance*, 836 F.2d at 836. Any income derived from the activity must be more than incidental. *Old Guard Mut. Ins. Co. v. Quigley*, 4 Pa. D. & C.4th 620, 626–27 (Pa. Ct. Com. Pl. 1990).

Indeed, the policy definition of "business" contemplates continuity and profit motive as the essential elements of a business pursuit. It defines business as "a trade, profession, or occupation" and "farming." *See Old Guard Ins. Co. v. Sherman*, 866 A.2d 412 (Pa. Super. 2004). To be engaged in a trade, profession or occupation, one must do so continuously and for compensation.

The complaint and the answer raise a disputed issue—whether Ruby was working for the Stolpers or Kim Rosen Events, or was volunteering his services on this single occasion. If Ruby was only assisting Kim Rosen Events on this one occasion, his operating the golf cart that day cannot be deemed continuous. He claims he was an unpaid volunteer. If so, his activity could not have been motivated by a desire for profit

or compensation.  Given this dispute, we cannot determine whether Ruby's activity at the wedding was continuous and was instigated by a profit motive.

## Conclusion

The pleadings raise a disputed fact.  It is disputed that Ruby was engaged in a business pursuit when he operated the golf cart causing Jones's alleged injuries.  In light of this dispute, we cannot conclude, as a matter of law, that the business pursuits exclusion applies.  Thus, we shall deny the motion for judgment on the pleadings and/or summary judgment.